Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MARÍA DE LOS ÁNGELES VILLARRUBIA RUIZ<br>Peticionaria<br><br>v.<br><br>EMERALD HOLDINGS, LLC Y NATALIA ALBERTORIO RIVERA; PERSONA NATURAL ABC, PERSONA JURÍDICA DEF; SUZETTE MAFUZ LIZARDI; VIVIANA DÍAZ<br>Recurridos | KLCE202400177 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2022CV05735<br><br>Sobre: NULIDAD DE CONTRATO, DOLO, DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente.

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparecen ante *nos*, Natalia Albertorio Rivera (Albertorio Rivera) en su carácter personal y como socia administradora de Health Herb Medical, LLC., (en conjunto, los peticionarios) y nos solicitan que revisemos la *Resolución* emitida y notificada el 3 de noviembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Desestimación Sobre Nulidad en el Diligenciamiento del Emplazamiento [...]* que presentaron Albertorio Rivera y Health Herb Medical, LLC.

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari*.

## I.

Surge del expediente ante *nos* que, el 28 de junio de 2022, María de los Ángeles Villarubia Ruiz (Villarubia Ruiz) presentó una *Demanda* sobre nulidad de contrato, dolo y daños y perjuicios en contra de Albertorio Rivera y otros. En consecuencia, el 11 de julio

de 2022, Villarubia Ruiz presentó una *Solicitud de Expedición de Emplazamientos*. Sin embargo, los emplazamientos que se incluyeron estaban en blanco. Acto seguido, el 26 de julio de 2022, Villarubia Ruiz presentó una segunda *Solicitud de Expedición de Emplazamientos*.

Así, el 2 de agosto de 2022, los emplazamientos fueron expedidos. El 24 de octubre de 2022, Villarubia Ruiz presentó una *Solicitud de Emplazamiento por Edicto*. En esta, solicitó que se emplazara por edicto a Albertorio Rivera en su carácter personal y como socia administradora de Emerald Holdings LLC., y a Albertorio Rivera como socia administradora de Health Herb, LLC., y de Health Herb Medical, LLC. Posteriormente, el 26 de octubre de 2022, el TPI emitió una *Orden* mediante la cual ordenó el traslado del caso a la sala con competencia.

El 27 de octubre de 2022, Villarubia Ruiz presentó una *Solicitud de Reconsideración*. Asimismo, el 2 de noviembre de 2022, Villarubia Ruiz presentó los emplazamientos diligenciados de Suzzette Mafuz Lizardi (Mafuz Lizardi) y Viviana Díaz Ríos (Díaz Ríos). Luego de varios incidentes procesales, el 6 de diciembre de 2022, Villarubia Ruiz presentó una *Moción Sobre Solicitud de Emplazamiento por Edicto*. El 4 de enero de 2023, Villarubia Ruiz presentó una *Segunda Moción de Emplazamiento por Edicto*. Consecuentemente, el 12 de enero de 2023, el TPI emitió una *Orden* mediante la cual declaró con lugar la solicitud de emplazamiento por edicto que presentó Villarubia Ruiz.

Mas adelante, el 25 de enero de 2023, fueron expedidos los emplazamientos por edictos. Así, el 15 de marzo de 2023, Villarubia Ruiz presentó una *Solicitud de Anotación de Rebeldía*. En la misma, solicitó que se le anotara la rebeldía a Albertorio Rivera en su carácter personal y como socia administradora de Emerald Holdings

LLC., y a Albertorio Rivera como socia administradora de Health Herb, LLC., y de Health Herb Medical, LLC.

Posteriormente, el 19 de marzo de 2023, los peticionarios presentaron una *Moción de Desestimación Sobre Nulidad en el Diligenciamiento del Emplazamiento [...].* Específicamente, solicitaron la desestimación de la causa de acción presentada en su contra porque a pesar de que Villarubia Ruiz conocía la dirección postal del lugar de trabajo de Albertorio Rivera en Aguada, lugar de las operaciones de las corporaciones, y su dirección residencial en Rincón, enviaron el diligenciamiento del emplazamiento mediante correo certificado con acuse de recibo a una dirección física, no postal. Señalaron, además, que Villarubia Ruiz le envió la notificación a Albertorio Rivera como representante de Health Herb Medical, LLC., a la dirección 10 Vía Pedregal 3903, Trujillo Alto, PR. 00976 cuando la dirección postal es 601 Ave. Fernández Juncos, San Juan, PR. 00901. Finalmente, manifestaron que en esa dirección física no era posible que las partes a ser emplazadas pudieran tener conocimiento de la publicación del edicto. Por lo cual, ante el incumplimiento de los requisitos establecidos en la Regla 4.6 de Procedimiento Civil (32 LPRA Ap. V), priva de jurisdicción al Tribunal.

El 23 de marzo de 2023, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la *Solicitud de Anotación de Rebeldía* que presentó Villarubia Ruiz. Oportunamente, el 28 de marzo de 2023, Villarubia Ruiz presentó una *Oposición a Moción de Desestimación.* Ese mismo día, Villarubia Ruiz presentó una segunda *Oposición a Moción de Desestimación* mediante la cual incluyó dos (2) anejos adicionales. El 25 de abril de 2023, Emerald Holdings, LLC., presentó una *Moción de Desestimación por Faltar Partes Indispensables.*

Así las cosas, el 8 de mayo de 2023, Villarubia Ruiz presentó una *Oposición a Moción de Desestimación por Falta de Parte Indispensable*. En igual fecha, el TPI emitió una *Orden* mediante la cual señaló una vista argumentativa con relación al asunto de la nulidad del diligenciamiento. Luego de varios trámites procesales, innecesarios pormenorizar, el 12 de octubre de 2023, Villarubia Ruiz presentó una *Moción Complementando Oposición a Moción de Desestimación*. Luego, el 15 de octubre de 2023, Albertorio Rivera en su carácter personal y como socia administradora de Health Herb Medical, LLC., presentó una *Réplica a Moción Complementando Oposición a Moción de Desestimación*. El 16 de octubre de 2023, Villarubia Rivera presentó una *Breve Dúplica a Réplica a Moción Complementando Oposición a Moción de Desestimación*.

El 3 de noviembre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación que presentaron los peticionarios. Inconforme, el 21 de noviembre de 2023, la parte peticionaria presentó una *Moción de Reconsideración*. El 8 de diciembre de 2023, Villarubia Ruiz presentó una *Oposición a Moción de Reconsideración*. Así pues, el 11 de enero de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentaron los peticionarios.

Inconforme aun, el 12 de febrero de 2024, la parte peticionaria presentó un recurso de *certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

> **Primer error:**
> **Erró el TPI al declarar no ha lugar la solicitud de desestimación por nulidad en el diligenciamiento de emplazamiento por edictos presentada por la Sra. Albertorio Rivera en su carácter personal, determinación en oposición a los requisitos de la Regla 4.6 de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 4.6, cuando surge claramente de la Declaración Jurada del emplazador de la parte demandante <u>que la última dirección conocida de la Sra. Albertorio Rivera en su carácter personal</u> es en su lugar de**

**trabajo en Rincón y que dicha dirección era conocida por la parte demandante.**

**Segundo error:**
**Erró el TPI al declarar no ha lugar la solicitud de desestimación por nulidad en el diligenciamiento de emplazamiento de la Sra. Albertorio Rivera en su carácter personal, aun cuando la prueba documental de los sobres devueltos por el correo indicaban que Vía Pedregal 10, Apt. 3903 en Trujillo Alto estaba desocupada ("vacant") y así fue especificado tanto por el correo en los sobres devueltos y por la Declaración Jurada del emplazador de la parte demandante cuando asistió al lugar para emplazar personalmente a la Sra. Albertorio Rivera, y bajo juramento indicó que el apartamento estaba desocupado y la guardia de seguridad del lugar no conocía a la Sra. Albertorio.**

**Tercer error:**
**Erró el TPI al declarar no ha lugar la solicitud de desestimación por nulidad en el emplazamiento de la Sra. Albertorio Rivera como socia de la compañía Health Herb Medical, LLC, cuando la prueba documental sometida en el caso demostraba que la información de la dirección postal de la compañía Health Herb Medical, LLC, era una completamente distinta a la vertida por la parte demandante en los envíos por correo y sobres devueltos.**

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 22 de febrero de 2024, concediéndole un término de veinte (20) días a Villarubia Ruiz para que expresara su posición al recurso. El 12 de marzo de 2024, Villarubia Ruiz presentó un *Alegato en Oposición a Solicitud de Certiorari.*

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González*

*v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal

apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

La parte peticionaria solicita que este Tribunal intervenga para que revisemos la *Resolución* emitida y notificada el 3 de noviembre de 2023, por el TPI. Luego de examinar meticulosamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar el trámite procesal del caso, específicamente, la *Moción de Desestimación Sobre Nulidad en el Diligenciamiento del Emplazamiento [...],* la *Oposición a Moción de Desestimación* y la *Resolución* del 3 de noviembre de 2023, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir el dictamen recurrido. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso ante *nos*, el TPI analizó los planteamientos de ambas partes con relación a la solicitud de nulidad de emplazamiento y, además, escuchó los argumentos esbozados en la Vista celebrada el 27 de septiembre de 2023. Consecuentemente, el TPI ejerció su discreción al declarar *No Ha Lugar* la solicitud de la parte peticionaria. Con tal proceder, el foro de instancia actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente

administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En fin, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.* Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones